## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 3511 | DATE | August 3, 2004 |
| CASE TITLE | Federal Ins. Co. | v | ADT Security Sytems, Inc. |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOJune 14, 2004CKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum opinion and order entered. Plaintiff's motion for leave to file an amended complaint is granted as to the joinder of its insureds, Alan Singer and Beth Bronner as additional plaintiffs and the joinder of Timothy Gerdeman as an additional defendant. Plaintiff's motion is denied as to count II of its second amended complaint re: the contractual indemnity agreement between ADT and Gerdeman. This case is **remanded** to the Circuit Court of Cook County, Ill.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | AUG 0 5 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | JXM docketing deputy initials | 20 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | date mailed notice | |
| GDS | courtroom deputy's initials | 2004 AUG -4 AM 11:46 Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
AUG - 4 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEDERAL INSURANCE COMPANY, as subrogee )
of ALAN SINGER and BETH BRONNER, )
)
      Plaintiff, )
) No. 04 C 3511
   v. )
) Judge Robert W. Gettleman
ADT SECURITY SYSTEMS, INC., )
)
      Defendant/Third-Party Plaintiff, )
)
   v. )
)
TIMOTHY GERDEMAN, )
)
      Third-Party Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Federal Insurance Company, as subrogee of Alan Singer and Beth Bronner (together, the "Insureds"), initiated the instant suit by filing a one-count complaint in the Circuit Court of Cook County, Illinois, against defendant ADT Security Systems, Inc. ("ADT"), seeking damages arising from defendant's alleged failure to maintain the fire detection system installed in the home of Timothy Gerdeman ("Gerdeman") that is next door to the Insured's townhome. After defendant removed the case to this court, plaintiff filed a first amended complaint that added its Insureds as additional plaintiffs and Gerdeman, the owner of the property where the fire detection system was installed and the fire started, as an additional defendant. The complaint also added a count against Gerdeman based on the contractual indemnity agreement between



Gerdeman and ADT.[1] During a status hearing on June 8, 2004, before this court ruled on plaintiff's first motion for leave to amend, plaintiff filed a second motion for leave to amend its complaint to add a negligence claim against Gerdeman for failing to properly maintain the fire detection system installed in his home.

For the reasons stated herein, plaintiff's motions for leave to amend are granted as to the addition of its Insureds as additional plaintiffs and the addition of Gerdeman as an additional defendant. Plaintiff's motion is denied as to Count II of its second amended complaint regarding contractual indemnity. The case is remanded to the Circuit Court of Cook County, Illinois.

## FACTS

Plaintiff Federal Insurance Company ("FIC") is an Indiana corporation with its principal place of business in New Jersey, and is acting as subrogee of Alan Singer and Beth Bronner (together, the "Insureds"), individual residents of Cook County, Illinois. Defendant ADT Security Systems, Inc. ("ADT"), is a Delaware corporation with its principal place of business in Florida that provided fire alarm signal and notification services for Gerdeman, an individual residing in Cook County, Illinois. Gerdeman and the Insureds reside in a townhome building and share a common wall between their homes. On April 14, 2003, a fire occurred at Gerdeman's residence, was undetected by the fire alarm service, and resulted in damage to the Insureds neighboring property. Plaintiff initiated the instant suit in the Circuit Court of Cook County, Illinois, alleging a single count of negligence against defendant ADT, which subsequently removed the action to this court based on complete diversity of the parties.

---

[1] The addition of the parties to the suit would destroy complete diversity, because both the Insureds and Gerdeman are residents of Illinois.

On May 27, 2004, plaintiff moved to amend its original complaint to add its Insureds as additional plaintiffs to the action, and Gerdeman, on whose property the fire alarm system was installed and the fire started, as an additional defendant, adding a claim based on contractual indemnity against Gerdeman. Defendant then filed a third-party complaint for declaratory judgment against Gerdeman for indemnity on June 3, 2004. Before this court ruled on plaintiff's first motion for leave to amend, plaintiff sought leave to file a second amended complaint to add an additional claim of negligence against Gerdeman for failure to properly maintain his alarm system.

## DISCUSSION

Plaintiff FIC has moved pursuant to Fed. R. Civ. P. 15(a) to amend its original complaint to add its Insureds, Alan Singer and Beth Bronner, as additional plaintiffs and to add Tim Gerdeman as an additional defendant, with additional claims based on the contractual indemnity agreement between defendant ADT and Gerdeman and on Gerdeman's negligent maintenance of his fire alarm system. The decision to grant a Rule 15(a) motion for leave to file an amended pleading is a matter "purely within the sound discretion of the district court" and shall be freely given when justice so requires. J.D. Marshall Int'l, Inc. v. Redstart, Inc., 935 F.2d 815, 819 (7th Cir. 1991); Fed. R. Civ. P. 15(a).

Fed. R. Civ. P. 17(a) requires the addition of plaintiff's Insureds, Singer and Bronner, to be added as real parties in interest because when an insurer pays only part of the loss of its insured, it is only partially subrogated to the insured's rights. In such a case, "'both insured and the insurer 'own' portions of the substantive right and should appear in the litigation in their own names.'" Krueger v. Cartwright, 996 F.2d 928, 932 (7th Cir. 1993) (quoting United States v.

Aetna Casualty & Surety Co., 338 U.S. 366, 381 (1949)). Because plaintiff's Insureds have suffered damages beyond the amount they were reimbursed by plaintiff, Singer and Bronner are real parties in interest for the additional losses not reimbursed by plaintiff and must be added as additional plaintiffs.

Fed. R. Civ. P. 20(a) governs permissive joinder of defendants, providing that multiple defendants may be joined in an action if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). The amended complaints allege claims based on the contractual indemnity agreement between defendant ADT and Gerdeman and on ADT's and Gerdeman's negligent maintenance of the fire security system. All three counts involve the same transaction, occurrence, or series of transactions or occurrences, because they arise from the fire that started in Gerdeman's home and spread to the insured's home. Provided that plaintiffs can state a valid cause of action against defendants, Rule 20(a) permits joinder of the additional defendants.

Plaintiff's second amended complaint seeks to add an additional claim based on the contractual indemnity agreement between defendants ADT and Gerdeman, alleging that Gerdeman "may be contractually liable for the damages alleged." This claim is not a valid cause of action because the contractual indemnity agreement is between ADT and Gerdeman. "In Illinois, there is a strong presumption that the parties to a contract intend the provisions of that contract to apply only to them, and not to third parties." Caswell v. Zoya Int'l, 654 N.E.2d 552,

4

554 (Ill. App. Ct. 1995) (citing Barney v. Unity Paving, Inc., 639 N.E.2d 592 (Ill. App. Ct. 1994)).

None of the plaintiffs were parties to the contract or in privity with the contracting parties, but they may be considered third-party beneficiaries. For a third party to have a right to sue, "'the contract must be undertaken for the plaintiff's direct benefit and the contract itself must affirmatively make this intention clear.'" Barney, 639 N.E.2d at 596 (quoting Waterford Condominium Association v. Dunbar Corp., 432 N.E.2d 1009, 1011 (Ill. App. Ct. 1982)). Because the contract expressed no explicit or implicit intention for either of the plaintiffs to benefit directly from the contract, they are at best incidental third party beneficiaries who have no right to sue. Id. at 596. Thus, plaintiffs cannot state a cause of action against Gerdeman based on the contractual indemnity agreement between Gerdeman and ADT.

Plaintiff also seeks to add a count of negligence against Gerdeman for failure to maintain his fire detection system. To state a cause of action for negligence, the "existence of a duty to conform to a certain standard of conduct for plaintiff's protection" is required. Bartelli v. O'Brien, 718 N.E.2d 344, 349 (Ill. App. Ct. 1999) (quoting Puttman v. May Excavating Co., 514 N.E.2d 188 (Ill. 1987)). Whether a duty exists is a "question of the law for the court to determine." Bartelli, 718 N.E.2d at 347. Because the existence of a duty is a question of state law, this court is to determine whether existing Illinois law establishes a duty for owners of townhomes to maintain fire detection systems once they have been installed for the protection of adjoining townhomes.

The primary case plaintiff cites in support of its argument that a common law duty exists is Bartelli v. O'Brien, which held that once installed, a landowner has a common law duty to

5

maintain smoke detectors and fire extinguishers to prevent the spread of a foreseeable fire from its hotel premises to a plaintiff's adjacent property. Plaintiff relies on the appellate court's ruling that when a landowner "provides equipment to extinguish a fire, the landowner creates a duty to maintain the equipment so that it can be used for its intended purpose." Bartelli, 718 N.E.2d at 350. To determine whether a duty existed in the Bartelli case, the court performed a fact-specific analysis to determine the foreseeability and likelihood of injury, the magnitude of the burden of guarding against injury, and the consequences of placing that burden on the defendant. Id. at 346, 349. The Bartelli court acknowledged that "the danger of fire is foreseeable in virtually any context," and that the spread of fire to immediately adjacent buildings is particularly foreseeable in a hotel with inoperative smoke detectors and fire extinguishers. Id. at 349.

In the instant case, because the townhomes share a common wall, the spread of fire is also "eminently foreseeable," perhaps even more so than in the context of a hotel fire spreading to separate but adjacent buildings, because a fire could easily spread from unit to unit with common walls. Also, like a hotel, the likelihood of injury in the context of physically adjoined structures is substantial. Finally, the burden of maintaining an alarm system after it has been installed is not "the kind of constant vigilance that has been found too burdensome by the courts." Id. at 350. Rather, proper maintenance would require only periodic and infrequent inspection of the alarm system. Thus, the factors that led the Bartelli court to find a duty to adjacent landowners also weigh in favor of finding a duty to adjoining townhome owners to maintain fire detection systems.

The instant case is distinguishable from cases relying on the Illinois' Smoke Detector Act, which requires all single family residences to install smoke detectors on every story of a dwelling

6

unit. 425 ILCS 60/3 § 3(b). In order to bring a negligence action under the Act, a plaintiff must be a member of the class for whose benefit the statute was enacted, and an Illinois court recently determined that the Act "appears to be intended to protect the lives and property only of the occupants of the dwelling units in which the smoke detectors are required." Bybee, 612 N.E.2d at 101; Uehara v. Schlade, 603 N.E.2d 646, 653 (Ill. App. Ct. 1992). The instant case, however, involves a fire alarm system that would notify the fire department of a fire, as opposed to a smoke detector that is meant only to alert the occupants of the dwelling unit in which it is placed. Thus, the class of people protected by fire alarm systems appears to be broader in scope than the class of people protected by smoke detectors, because an alarm system alerts the fire department that would extinguish the fire and prevent its spread to other units.

While this court finds a duty to adjoining townhome owners based on Bartelli, the finding of a duty is limited to satisfying the requirements of notice pleading: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff has pled enough to state a cause of action for negligence against the neighboring unit owner for negligently failing to maintain his fire alarm system. Whether plaintiff will prevail on the claim is not to be resolved on this motion. "The issue of whether there is a duty is broad in its implication, while the issue of whether there was negligence is confined to the particular case." Bartelli, 718 N.E.2d at 348.

Because plaintiffs may properly bring a claim against Gerdeman based on his alleged negligent maintenance of his fire alarm system, Gerdeman may properly be joined as an additional defendant. Because plaintiff's Insureds and defendant Gerdeman are both Illinois

residents, complete diversity is destroyed and the instant action must be remanded to state court. See Selfix v. Bisk, 867 F. Supp. 1333, 1335 (N.D. Ill. 1994).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file an amended complaint is granted as to the joinder of its Insureds, Alan Singer and Beth Bronner, as additional plaintiffs, and the joinder of Timothy Gerdeman as an additional defendant. Plaintiff's motion is denied as to Count II of its second amended complaint regarding the contractual indemnity agreement between ADT and Gerdeman. This case is remanded to the Circuit Court of Cook County, Illinois.

**ENTER:** August 3, 2004

_____
Robert W. Gettleman
United States District Judge